UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

L. SEVILLE PARKS                         )
                                          )     3:06-cv-0405-RCJ (VPC)
      Plaintiff,                        )
                                          )
   vs.                                    )     **REPORT AND RECOMMENDATION**
                                          )     **OF U.S. MAGISTRATE JUDGE**
RICHARD FALGE, *et al*.,                  )
                                          )
      Defendants.                      )     January 9, 2008
_____)

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for partial dismissal (#54). Plaintiff opposed (#60 and #61) and defendants replied (#82). For the reasons stated below, the court recommends that defendants' motion (#54) be granted in part and denied in part.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff L. Seville Parks, a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#15). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights. *Id*. Plaintiff names as defendants Richard Falge, ESP Correctional Officer; David Brumley, ESP Correctional Officer; Yvonne Forbes, ESP Correctional Officer; Calvin Peck, ESP Sergeant; Debra Brooks, ESP Associate Warden; Cameron Horsley, ESP Correctional Officer; E.K. McDaniel, ESP Warden; Nhu Q. Nguyen, State of Nevada Deputy Attorney General; Robert A. McQuaid, United States Magistrate Judge; Debra Lightsey, ESP Law Library Supervisor; John Messick, ESP Lieutenant; Gerald Thompson, ESP Investigator; Adam Endel, ESP Associate Warden; and Dwight Neven, former ESP Associate

Warden.[1]  *Id.*

The Court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party.  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint.  *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).  Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotations omitted).  Where a *pro se* plaintiff fails to state a claim, he or she "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not

---

[1] Plaintiff originally filed suit in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, on April 27, 2006 (#1, Exhibit A). On July 19, 2006, defendants removed to federal court pursuant to 28 U.S.C. § 1441(a) - (c) (#1). Plaintiff's original complaint was dismissed in part with leave to amend on October 30, 2006 (#26). Plaintiff filed a first amended complaint on November 8, 2006 (#27), and a second amended complaint on January 10, 2007 (#46). On March 5, 2007, the District Court dismissed all claims against Magistrate Judge McQuaid, as well as all claims for money damages against the remaining defendants in their official capacity (#51). On June 29, 2007, this court granted the defendants' motion to have plaintiff declared a vexatious litigant (#75).

2

be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## 2. Rule 8 Pleading Requirements

Recently, the United States Supreme Court reaffirmed that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). The liberal pleading standard is even more pronounced in the case of a *pro se* prisoner, where the court must construe the pleadings liberally. *Erikson*, 127 S.Ct. at 2200.

However, with regard to "fair notice," the Court has stated that

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid*.; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A. 7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-235 (3d ed. 2004) ... ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations") ... .

*Twombly*, 127 S.Ct. at 1964-65 (2007). The court further noted that *some* factual detail is necessary:

> [w]hile, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' ... Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

3

1  *Id*. at 1965, n.3 (*quoting* Wright & Miller § 1202, at 94-95 ("Rule 8(a) 'contemplate[s] the
2  statement of circumstances, occurrences, and events in support of the claim presented' and does
3  not authorize a pleader's 'bare averment that he wants relief and is entitled to it'")).

### B. Analysis

Defendants generally argue that although plaintiff's complaint contains a "laundry list" of legal terminology, it fails to allege any facts asserting cognizable legal claims, and that plaintiff makes vague and rambling allegations (#54).  Plaintiff makes numerous arguments in his opposition (#60).[2]  The court takes each issue in turn.

### 1. Human Rights and Equal Privileges

Plaintiff alleges that defendants violated his "human rights" and his right to "equal privileges (#46, pp. 6-11).[3]  Defendants are correct that there is no cognizable federal claim pursuant to "human rights" or "equal privileges" (#54, p. 3).  The court dismisses all claims purporting to be brought pursuant to these theories.

### 2. Count I

In count I, plaintiff alleges violations of his "constitutional rights human rights- equal protection- due process 1st 8th and 14th Amendments" (#46, p. 6).  Specifically, plaintiff alleges that on August 16, 2004, defendant Falge came to his cell and told plaintiff, "hook-up bitch." *Id*.[4] Plaintiff admits that he did not "hook-up," stating in his complaint that his name is "Mr. Parks, not <u>Bitch</u>." *Id*. (emphasis in original).  Plaintiff alleges that defendant Falge then obtained a can of gas from defendant Forbes and repeated his instruction to plaintiff to "hook-up, bitch." *Id*.

---

[2] Plaintiff includes many allegations in his opposition and affidavit that he did not include in his amended complaint.  For the purposes of a motion to dismiss, courts look only at the allegations in the complaint. *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss).  The court disregards any "new" allegations in plaintiff's filings.

[3] The court cites to the docket sheet page numbers rather than the plaintiff's page numbers.

[4] Defendants explain that the phrase "hook-up" means that plaintiff was instructed to position himself in such a manner that the correctional officers could apply restraints in anticipation of taking plaintiff out of his cell (#54, n.2).

4

1  When plaintiff did not respond, plaintiff alleges that defendant Falge asked defendant Brumley
2  to open plaintiff's food slot, after which defendant Falge sprayed plaintiff in the face with gas.
3  *Id*. at 7. Plaintiff alleges that he ran to the back of his cell, where after defendant Falge sprayed
4  him two more times for approximately twenty-five to thirty seconds each time. *Id*. Plaintiff
5  alleges that defendant Falge's use of force was excessive because it had no relationship to the
6  need for force, and that he almost died because he has heart problems. *Id*. Finally, plaintiff
7  claims that defendant Forbes acted with deliberate indifference in giving defendant Falge the can
8  of gas because she knew that defendant Falge is not supposed to spray gas without medical
9  personnel present. *Id*. at 8.

### a. Excessive Force

Defendants specifically do not challenge plaintiff's Eighth Amendment claim (#54, p.5). Moreover, the court finds that plaintiff has sufficiently stated an Eighth Amendment claim for excessive force with regard to the August 16, 2004 cell extraction incident. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (when an inmate alleges that a prison officer used excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

### b. Attempted Murder

Plaintiff alleges that defendant Falge is guilty of attempted murder pursuant to 18 U.S.C. §1113 (#46, p.8). 18 U.S.C. §1113 is a criminal statute, and does not provide a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that statutes which provide for punishment by fine or imprisonment do not create privately enforceable rights, give rise to civil liability, or provide a basis for lawsuits pursuant to the Civil Rights Act); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (holding that private rights of action must be created by Congress and the court's role is to determine whether the statute displays such intent). The court reads no congressional intent in section 1113 to create a cause of action for civil liability. Plaintiff's claim for attempted murder is dismissed.

///

### c. Equal Protection

Plaintiff alleges that defendants violated his right to equal protection (#46, p. 6). To state a claim for a violation of equal protection under the Fourteenth Amendment, a plaintiff must allege that defendants acted with an intent to discriminate based on the plaintiff's membership within a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

As an African-American, plaintiff is a member of a protected class. However, plaintiff has failed to allege any facts at all to support his allegations of discrimination. Plaintiff's complaint contains general allegations that defendants acted with "racial discrimination" (#46). Plaintiff argues throughout his opposition that every alleged violation by each defendant over the past five or six years is based on the fact that he is African-American (#60). These allegations fail to put defendants on notice as to which defendant acted in a discriminatory manner towards plaintiff and when. *See Twombly*, 127 S.Ct. at 1965, n. 3; *see also* Wright & Miller § 1202, at 94-95 ("Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it'")). Because plaintiff's claims of discrimination are too vague to put defendants on notice of his claims such that they can respond, plaintiff has failed to state an equal protection claim.

### d. Due Process

Plaintiff alleges that defendants violated his right to due process (#46, p. 6). The guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally-protected liberty interest is at stake. *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1995). Liberty interests can arise both under the Constitution and from state law. *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). Regarding state-created liberty interests, the Supreme Court has held that states may, under some circumstances, create liberty interests protected by the Due Process Clause, but that those liberty interests "will be generally limited to freedom from restraint which... impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Construing the *pro se* plaintiff's allegations liberally, the court concludes that plaintiff is

1  alleging that defendants deprived him of his right to liberty by spraying him with gas. The court
2  can find no law supporting a claim that plaintiff has a liberty interest in remaining free from being
3  sprayed with gas during a cell extraction, and plaintiff cites none. Nor is there any law supporting
4  plaintiff's claim that being sprayed with gas during a cell extraction constitutes "restraint...
5  which... impose[s] atypical and significant hardship on the inmate in relation to the ordinary
6  incidents of prison life." In fact, case law indicates that the use of gas during cell extractions in
7  which prisoners fail to respond to orders is a fairly common prison policy, rather than "atypical."
8  *See Clement v. Gomez*, 298 F.3d 898 (9th Cir. 2002); *see also Jones v. Gomez*, 2005 WL 3001866
9  (N.D.Cal. 2006); *see also Edward v. Scarsella*, 2007 WL 987875 (E.D.Cal. Mar. 30, 2007).[5]
10 Thus, plaintiff has failed to state a claim for a violation of his right to due process.

### e. First Amendment

Plaintiff alleges that defendants violated his First Amendment rights (#46, p. 6). Defendants are correct that the First Amendment encompasses many rights, including, but not limited to, the freedom of speech, freedom to freely practice religion, the prohibition against state-established religion, and the freedom to be free from retaliation for accessing the courts or the prison grievance system.

Plaintiff alleges in count I that when defendant Falge arrived at his cell on August 16, 2004, plaintiff was "already being wrongfully currently housed for taking legal action against staff misconduct at Ely State Prison by way of AR 740 grievance regulation I shall-must use to address my problems and concerns" (#46, p. 6). The court construes this as plaintiff's attempt to state a First Amendment retaliation claim. However, plaintiff provides no facts to support his claim. *Twombly*, 127 S.Ct. at 1965, n. 3. Plaintiff's statement about his housing at the time of the gas incident appears to be more of an aside than a claim. As plaintiff fails to specify facts to support a First Amendment claim, the court grants defendants' motion to dismiss.

### 3. Count II

In count II, plaintiff alleges violations of his "constitutional rights- equal protection- equal

---

[5] The court notes that this is a separate issue from whether the use of force was excessive in violation of plaintiff's Eighth Amendment rights.

1  privileges - human rights due process 8th 14th violation 1st 5th 8th 14th violations" (#46, p. 9).
2  Specifically, plaintiff alleges that after being sprayed with gas on August 16, 2004, defendant
3  Peck acted with deliberate indifference when he placed plaintiff back inside his cell, knowing that
4  the cell was still full of gas, and served plaintiff his lunch. *Id*. Plaintiff further alleges that
5  defendants Brumley, Horsley, and Forbes conspired to submit misleading and confusing sworn
6  statements regarding the August 16, 2004 incident. *Id*. Plaintiff additionally alleges that
7  defendant Forbes conspired with defendant Falge to violate plaintiff's rights by giving defendant
8  Falge the can of gas. *Id*. Plaintiff further claims that on August 19, 2004, defendant Messick
9  acted with "deliberate indifference" during a disciplinary hearing when he found plaintiff guilty
10 on false charges, prohibited plaintiff from calling witnesses, and failed to allow plaintiff to speak
11 with the inmate law clerk. *Id*. at 10. Plaintiff also alleges that an investigator, "G. Thompson,"
12 refused to grant plaintiff a "recorded interview" from 2004 - 2006. *Id*. Finally, plaintiff alleges
13 that defendants McDaniel, Brooks, Neven, and Endel acted with deliberate indifference by
14 ignoring his grievances and his disciplinary appeals "big time." *Id*.

**a. Eighth Amendment**

16  To state a claim for an Eighth Amendment conditions of confinement violation, plaintiff
17 must allege that he is incarcerated under conditions posing a substantial risk of serious harm, and
18 that the defendants were deliberately indifferent to plaintiff's health or safety. *Farmer v.*
19 *Brennan*, 511 U.S. 825, 834 (1994). Plaintiff alleges that he has a heart condition, *see* #46, p. 7,
20 and that on August 16, 2004, defendant Peck placed him in a cell which still contained gas such
21 that he "almost died." *Id*. at 9. Taking plaintiff's allegations as true, the court concludes that
22 Plaintiff has sufficiently stated an Eighth Amendment claim against defendant Peck.

23  Plaintiff further alleges that defendants McDaniel, Brooks, Neven, and Endel acted with
24 deliberate indifference by ignoring his grievances and his disciplinary appeal "big time." *Id*. As
25 plaintiff fails to allege a serious harm or a medical need, and fails to allege which grievances
26 and/or appeals the defendants ignored, this claim is dismissed.

27 ///
28 ///

### b. Due Process

Plaintiff alleges that defendant Messick violated plaintiff's right to due process during a disciplinary hearing (#46, p. 10). "Under the Fourteenth Amendment Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citations omitted). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id*. However, these procedural protections apply only when the disciplinary action implicates a protected liberty interest or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. (*citing Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Plaintiff alleges that during his August 19, 2004 disciplinary hearing, defendant Messick found plaintiff guilty on false charges, and that plaintiff was not allowed to call witnesses at his hearing or speak with the inmate law clerk (#46, p. 10). Plaintiff has no liberty interest to be free from segregated confinement as a disciplinary measure. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). Plaintiff has not identified any other liberty interest. Plaintiff additionally does not allege that the sanction defendant Messick imposed resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life such that plaintiff was owed procedural due process – in fact, plaintiff fails to inform the court what the sanction was. Plaintiff fails to state a due process claim.

### c. First Amendment

As noted above, the First Amendment encompasses many different rights. In count II, plaintiff's only allegation that might be construed as a First Amendment claim is that defendant Thompson refused to meet with him from 2004-2006 to discuss "additional punishment and retaliation unit staff misconduct- racial discrimination- and personal harassment" (#46, p. 10). Plaintiff does not allege that any specific defendant retaliated against him; he alleges that defendant Thompson would not meet with him to discuss the alleged retaliation. Merely mentioning the word "retaliation" does not state a claim and plaintiff provides no facts to support

9

his claim of retaliation. *Twombly*, 127 S.Ct. at 1965, n. 3. The court dismisses plaintiff's purported First Amendment claim.

### d. Equal Protection

In count II, plaintiff does not allege that any particular defendant acted with racial animus – he alleges that defendant Thompson did not meet with him to discuss the alleged racial discrimination of other defendants. This is too vague to state a claim for equal protection. The same legal analysis discussed herein as to plaintiff's count I equal protection claim applies here, and the court grants defendants' motion to dismiss.

### e. Fifth Amendment

Plaintiff alleges that defendants violated his Fifth Amendment rights (#46, p. 9). The due process clause of the Fifth Amendment applies only to the actions of the federal government. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Plaintiff has alleged actions only by state government employees. The defendants' motion to dismiss all Fifth Amendment claims is granted.

### f. Conspiracy

Plaintiff alleges a number of conspiracy claims in count II. To prove conspiracy pursuant to 42 U.S.C. § 1985(3), a plaintiff must demonstrate: "(1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff alleges that defendants Brumley, Horsley, and Forbes conspired to submit misleading and confusing sworn statements regarding the August 16, 2004 incident to personally harass plaintiff and violate his constitutional rights (#46, p. 9 and #60, p. 8-10). Plaintiff also alleges that when defendant Forbes gave defendant Falge the can of gas, she knew that defendant Falge would use the gas improperly against plaintiff, and therefore, she conspired with defendant Falge to violate plaintiff's Eighth Amendment right to be free from excessive force. *Id*. Taking

these allegations as true, plaintiff has stated conspiracy claims against these defendants.

### 4. Count III

In count III, plaintiff alleges that defendant Nguyen conspired with Magistrate Judge McQuaid to present misleading information to the court (#46, p. 12).[6] Plaintiff also alleges that defendants McDaniel, Brooks, Endel and Lightsey conspired to violate plaintiff's due process rights and his access to the courts. *Id*. Plaintiff alleges that defendant Lightsey denied him access to the courts in case number 3:04-cv-0615-LRH-RAM, by denying his requests for court rules, the Federal Rules of Civil Procedure, local rules, adequate legal supplies, and legal visits from inmate law clerks. *Id*. Further, plaintiff states that on September 22, 2006, defendant Falge conducted plaintiff's disciplinary hearing (for an unrelated infraction), and sanctioned plaintiff to fifteen days in disciplinary detention and a "stat referral category (B)," for what plaintiff terms are "false charges." *Id*. at 14. Plaintiff alleges that this hearing constituted a conflict of interest because Falge is a named defendant in this case, and that defendant Falge retaliated against plaintiff by finding him guilty of false charges and sanctioning him. *Id*. at 14. Plaintiff also alleges that defendant McDaniel violated plaintiff's due process rights when he ruled in plaintiff's appeal of the September 22, 2006 hearing that defendant Falge did not have a conflict of interest. *Id*.

#### a. Conspiracy

Plaintiff fails to allege any acts in furtherance of a conspiracy between defendant Nguyen and Judge McQuaid. Nor does plaintiff allege any acts in furtherance of a conspiracy between defendants McDaniel, Brooks, Endel and Lightsey in denying him access to the courts. In fact, plaintiff refers to no incidents that would constitute a conspiracy; he merely makes a blanket statement that these defendants "conspired" against him. *See Karim-Panahi*, 839 F.2d at 626. The court dismisses plaintiff's conspiracy claims in count III.

#### b. Access to the Courts

The state must provide inmates with either access to an adequate law library or the

---

[6] Plaintiff makes numerous other allegations against Magistrate Judge McQuaid; however, since Magistrate Judge McQuaid has been dismissed, *see* #51, these claims are moot.

11

assistance of persons with legal training. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The state may choose the means of access in order to satisfy this constitutional obligation. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing." *Id.* An inmate must show that a violation of his First Amendment right of access to the courts caused him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Plaintiff alleges that defendant Lightsey denied him access to necessary legal authorities, adequate legal supplies, and assistance from inmate law clerks, and that this denial resulted in an actual injury – the court granting summary judgment against plaintiff in case number 3:04-cv-0615-LRH-RAM. Plaintiff has sufficiently stated a claim for denial of his right to access to the courts.

### c. Retaliation

Prisoners have a right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising this right. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). A retaliation claim involves five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Plaintiff alleges that defendant Falge retaliated against him during his September 22, 2006 disciplinary hearing by sanctioning plaintiff to serve time in disciplinary detention on false charges because plaintiff had named Falge as a defendant in this lawsuit. Taking plaintiff's allegations as true, the court concludes that plaintiff has sufficiently stated a retaliation claim against defendant Falge.

### d. Due Process

Finally, plaintiff claims that defendant McDaniel denied him due process by denying plaintiff's appeal of the September 22, 2006 hearing (#46, p. 14). Plaintiff does not have a liberty interest to be free from a sanction to disciplinary detention. *See Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). Moreover, plaintiff admits he was sanctioned to fifteen days in disciplinary

detention, and does not allege that this sanction imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *Serrano*, 345 F.3d at 1077. Plaintiff fails to state a due process claim.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes as follows:

**1) Human Rights**

    **A.**    there is no cognizable federal claim pursuant to "human rights" or "equal privileges;"

**2) Count I**

    A.    plaintiff has sufficiently stated a claim for excessive force in violation of his Eighth Amendment rights for the use of gas during his cell extraction on August 16, 2004;

    B.    there is no civil cause of action pursuant to the attempted murder statute, 18 U.S.C. § 1113;

    C.    plaintiff has failed to state an equal protection or First Amendment claim because his allegations are too vague and lack any factual basis;

    D.    plaintiff has no liberty interest in being free from the use of gas during a cell extraction; and

**3) Count II**

    A.    plaintiff has sufficiently stated a conditions of confinement claim in violation of his Eighth Amendment rights for being put in his gas-filled cell with a heart condition on August 16, 2004;

    B.    plaintiff has failed to state a claim against defendants McDaniel, Brooks, Neven and Endel for ignoring his grievances and appeals with regard to the August 16, 2004 incident;

    C.    plaintiff has failed to state a due process claim against defendant Messick for his August 19, 2004 disciplinary hearing because he has not alleged that the sanction imposed was an atypical and significant hardship in relation to the ordinary incidents of prison life such that he was owed procedural due process;

    D.    plaintiff has failed to state an equal protection or First Amendment claim because his allegations are too vague and lack any factual basis;

    E.    plaintiff has failed to state a Fifth Amendment claim because there are no federal actors;

    F.    plaintiff has sufficiently stated a claim against defendants Forbes and Falge for conspiracy to violate his Eighth Amendment right against excessive force on August 16, 2004;

      G.    plaintiff has sufficiently stated a claim against defendants Forbes, Brumley, and Horsley for conspiracy to violate his rights by submitting false statements regarding the August 16, 2004 incident; and

**4) Count III**

      A.    plaintiff has failed to state conspiracy claims against defendant Nguyen, and against defendants McDaniel, Brooks, Endel and Lightsey, because plaintiff failed to allege any facts to support his claims of conspiracies;

      B.    plaintiff has sufficiently stated a claim against defendant Lightsey for violating his right to access to the courts because he alleged that the defendant prevented him from using library resources and that this action resulted in denial of summary judgment in another case;

      C.    plaintiff has sufficiently stated a claim for retaliation against defendant Falge with regard to plaintiff's September 22, 2006 hearing; and

      D.    plaintiff failed to state a due process claim against defendant McDaniel with regard to the defendant's denial of plaintiff's appeal of his September 22, 2006 hearing.

As such, the court recommends that defendants' motion for partial dismissal (#54) be **GRANTED IN PART** as to:

    **1) Human Rights:** all claims purported to be brought pursuant to plaintiff's "human rights" and right to "equal privileges;"

    **2) Count I:** plaintiff's attempted murder claim, and his First Amendment, equal protection and due process claims;

    **3) Count II:** plaintiff's Eighth Amendment claims against defendants McDaniel, Brooks, Neven and Endel, his due process claim against defendant Messick, and his First Amendment, equal protection and Fifth Amendment claims; and

    **4) Count III:** plaintiff's conspiracy claims against defendants Nguyen, McDaniel, Brooks, Endel, and Lightsey, and his due process claim against defendant McDaniel.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

14

judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for partial dismissal (#54) be **GRANTED IN PART** as to:

> **1) Human Rights:** all claims purported to be brought pursuant to plaintiff's "human rights" and right to "equal privileges;"
>
> **2) Count I:** plaintiff's attempted murder claim, and his First Amendment, equal protection and due process claims;
>
> **3) Count II:** plaintiff's Eighth Amendment claims against defendants McDaniel, Brooks, Neven and Endel, his due process claim against defendant Messick, and his First Amendment, equal protection and Fifth Amendment claims; and
>
> **4) Count III:** plaintiff's conspiracy claims against defendants Nguyen, McDaniel, Brooks, Endel, and Lightsey, and his due process claim against defendant McDaniel.

**DATED:** January 9, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**