1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

L. SEVILLE PARKS,           )
                            )   3:06-CV-00405-RCJ-VPC
       Plaintiff,           )
                            )
   vs.                      )   **REPORT AND RECOMMENDATION**
                            )   **OF U.S. MAGISTRATE JUDGE**
RICHARD FALGE, et al.,      )
                            )
       Defendants.          )   November 5, 2009
_____)

   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#148). Plaintiff opposed (#154), and defendants replied (#158).[1] The court has thoroughly reviewed the record and, given the affirmative defense raised, treats defendants' motion for summary judgment as a motion to dismiss.

## I. HISTORY & PROCEDURAL BACKGROUND

   Plaintiff L. Seville Parks ("plaintiff") is a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#46-2). Plaintiff originally brought his complaint in state court, and defendants removed to federal court (#1). The district court ordered screening of the complaint (#26).[2] Plaintiff ultimately filed an "amended and supplemental" complaint in which he raised numerous claims (#46-2). Defendants moved to dismiss the complaint (#54), and the court granted the motion in all but six claims (#86, pp. 13-15). Plaintiff objected to the undersigned's Report and Recommendation (#88), but the district court ultimately affirmed it (#96).

---

[1] Plaintiff has also filed motions for summary judgment (#159) and for default judgment (#160). Defendants responded with a motion to strike plaintiff's motion for summary judgment (#171).

[2] The district court also granted defendants an extension of time to answer, extending the deadline until the court affirmatively directed the defendants to do so (#26, p. 6).

1    The district court ordered defendants to file their answer by October 10, 2008 (#105). Defendants answered (#107). At that time, defendants raised only one affirmative defense, "to rely upon all immunities available to them whether statutory or common law, absolute or qualified." *Id.*

On June 30, 2009, defendants filed the instant motion for summary judgment (#148-51). Plaintiff responded (#154), and defendants replied (#158).

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

    **1.    Exhaustion of Administrative Remedies**

As part of an effort to address the large number of prisoner complaints, Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), which requires prisoners to exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997e; *Jones v. Bock*, 549 U.S. 199, 202 (2007). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. The exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *see, e.g., Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006) (construing *Woodford*'s "proper exhaustion" to mean that a grievance has been fully addressed on the merits ("the merits test") and that a grievance has complied with all critical procedural rules and deadlines ("the compliance test")).

2

1     The failure to exhaust administrative remedies as required by § 1997e(a) is an
2 affirmative defense, and defendants bear the burden of raising and proving that the plaintiff
3 has not exhausted. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n. 9 (9th
4 Cir. 2003), *cert denied*, 540 U.S. 810 (2003).  Failure to exhaust is treated as a matter in
5 abatement, not going to the merits of the claim, and is properly raised in an unenumerated
6 Rule 12(b) motion. *Wyatt*, 3154 F.3d at 1119.  The court may look beyond the pleadings
7 and decide disputed issues of fact without converting the motion into one for summary
8 judgment; however, "if the district court concludes that the prisoner has not exhausted
9 nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at
10 1119-20*, as noted in O' Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007);
11 *see also Rizta v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365 (9th Cir.
12 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss,
13 or be treated as such if raised in a motion for summary judgment.").

14      **2.    Exhaustion Under Nevada Law**

15     In the state of Nevada, prisoners exhaust their administrative remedies pursuant to
16 the NDOC grievance system, which is governed by Administrative Regulation 740 (A.R.
17 740) (#148, Ex. S).  The NDOC grievance system consists of three tiers. *Id.* p. 10; *see* A.R.
18 740.02.  To exhaust his or her available remedies, a prisoner must: (1) initiate the procedure
19 by filing an informal grievance;[3] (2) file a first level formal grievance appealing the informal
20 grievance decision to the warden; and (3) file a second level formal grievance, which the
21 Assistant Director of Operations decides. *Id.*  After a grievance is filed at any level, the
22 prison administration must respond within twenty-five calendar days, and prisoners must
23 appeal within five calendar days after receiving a response. *Id.*  Once this process is
24 complete, the prisoner may then seek recourse in federal court. *O'Guinn v. Lovelock Corr.*

---

[3] The time limitation for a prisoner to submit his first and informal grievance depends on the nature of that grievance.  If it involves personal property damage or loss, personal injury, medical claims or other tort claims, including civil rights claims, a prisoner must file a grievance within six months of its occurrence. A.R. 740.02.  If the grievance involves any other issues within the authority and control of the Department, including prisoner classification, the informal grievance must be filed within ten days of its occurrence. *Id.*

3

1  *Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007).

2  **B.     Analysis**

3      Defendants raise the affirmative defense of nonexhaustion for the first time in their
4  motion for summary judgment (#148, p. 23). Plaintiff does not address the argument in his
5  opposition (#154). The court addresses (1) whether defendants have waived such a defense,
6  and (2) whether defendants have met the burden needed to dismiss plaintiff's claims.

7      **1.     Waiver**

8      Failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is
9  an affirmative defense, and defendants bear the burden of raising and proving that the
10 plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "It is a frequently
11 stated proposition of *virtually universal acceptance* by the federal courts that a failure to
12 plead an affirmative defense as required by Federal Rule 8(c) results in the waiver to that
13 defense and its exclusion from the case . . . ." 5 Charles Alan Wright & Arthur R. Miller,
14 *Federal Practice and Procedure* § 1278 (3d ed. 2009) (emphasis added); *see Brannan v. U.S.*
15 *Student Aid Funds, Inc.*, 94 F.3d 1260, 1266 (9th Cir. 1996). However, "[in] the absence of
16 a showing of prejudice an affirmative defense may be raised for the first time at summary
17 judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

18     In their April 10, 2007, motion to dismiss, defense counsel went to great lengths to
19 alert the court to the pleading requirements under the federal rules (#54, p. 9, n.3). Defense
20 counsel noted its need "to expend considerable resources in simply reading and interpreting
21 the complaint" (#54, p. 9). In light of defense counsel's frustration with plaintiff's pleadings,
22 the court is puzzled why defendants did not raise nonexhaustion earlier. Understandably,
23 defendants may have been overwhelmed by plaintiff's somewhat discursive complaint.
24 However, the very purpose behind the exhaustion requirement is to avoid expenditure of
25 resources on these types of problems. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("And
26 for cases ultimately brought to court, adjudication could be facilitated by an administrative
27 record that clarifies the contours of the controversy."). Only now, one year after defendants
28 filed their answer, defendants raise nonexhaustion for the first time.

4

1    To assess the question of waiver, the court turns to whether defendants failure to raise
2 the affirmative defense has resulted in prejudice to plaintiff.  On one hand, five years have
3 passed since the facts occurred which gave rise to this case.  Defendants now ask that
4 plaintiff present evidence pertaining to administrative remedies from at least four years ago.
5 On the other hand, plaintiff is no stranger to the procedural rules involved in § 1983 inmate
6 litigation in federal court.  Not only has plaintiff completed two § 1983 form complaints in
7 which he indicated that he had completed all administrative remedies, but he has litigated
8 numerous matters in this court as a prisoner.  *See Parks v. McDaniel*, 3:00-cv–404-HDM
9 (RAM); *Parks v. Doe*, 3:01-cv-0022-ECR (RAM); *Parks v. Drake*, 3:02-cv-0657-LRH
10 (VPC); *Parks v. Jared*, 3:03-cv-00099-HDM-VPC; *Parks v. Chambliss*, 3:06-cv-00602-
11 RLH-LRL; *Parks v. Brown*, 3:06-cv-00659-DAE-LRL; *Parks v. Neven*, 04-cv-0615-LRH
12 (RAM); and *Parks v. Brooks*, 3:06-cv-0095-LRH (VPC).  In this case,  defendants have
13 submitted a 489-page printout of plaintiff's grievances from August 1, 2004 through 2006
14 (#148, Ex. Q), which indicates that plaintiff is certainly familiar with the Nevada procedures
15 under A.R. 740.   Plaintiff's retention of copies of these denied grievances during the
16 pendency of litigation does not seem particularly burdensome.  Moreover, plaintiff makes
17 no particular claims of any prejudice in this matter. Therefore, the court finds that plaintiff
18 was not prejudiced, and the affirmative defense is not waived.

19        **2.   Failure to Exhaust**

20        Next, the court turns to whether defendants have met their burden.  In support of
21 dismissal, defendants submit the affidavit of Renee Baker, Associate Warden of Programs,
22 and records of  plaintiff's grievances from August 1, 2004, to December 31, 2006 (#148,
23 Exs. R, Q).  Ms. Baker attests to the authenticity of the records, declaring that it is a "true and
24 accurate copy of a Nevada Offender Tracking Information System . . . of all grievances filed
25 by Mr. Parks . . . ." (#148, Ex. R).  Specifically, Ms. Baker declares that she "did not see any
26 grievances that advanced further that than the informal levels" for the complaints at issue in
27 this case.  *Id.*
28         Plaintiff has not presented any evidence disputing defendants' contentions; however,

5

1  the court notes that plaintiff did indicate that he had exhausted the inmate grievance
2  procedures on his amended complaint (#46-2, p. 16).  On this pleading, plaintiff listed the
3  grievance numbers as "3091-93-94" and the dates for the grievances as "2004 - 2005." *Id.*
4  Plaintiff noted that the grievances were "denied - disregarded - ignored not forwarded to
5  Carson City NV." *Id.*  The court has thoroughly reviewed plaintiff's grievance history, as
6  set forth by defendants accompanying the instant motion, and does not see any notation of
7  any such a grievance numbers (#148, Ex. Q).[4]  Therefore, defendants have met their burden
8  of demonstrating that plaintiff did not exhaust his nonjudicial administrative remedies.
9  Plaintiff has not presented any facts in opposition to defendants' contentions, and the court
10 cannot find any as well.  Therefore, the court dismisses all plaintiff's claims.
11         For the reasons stated in Part II.A.1 of this Report and Recommendation, the court
12 declines defendants request to grant summary judgment and treats the matter as one in
13 abatement.  Therefore, the court dismisses the claim without prejudice.  See *Wyatt v.*
14 *Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).

### III. CONCLUSION

16         Based on the foregoing and for good cause appearing, the court concludes that
17 plaintiff has not adequately exhausted his nonjudicial remedies for all claims.  The court
18 construes defendants' motion for summary judgment (#148) as a motion to dismiss
19 without prejudice.  Therefore, the court recommends defendants' motion to dismiss
20 (#148) be **GRANTED** and that plaintiff's claims be **DISMISSED** without prejudice.
21         The court also recommends that plaintiff's motion for summary judgment (#159)
22 and defendants' motion to strike plaintiff's motion for summary judgment (#171) be
23 **DENIED** as moot.

---

[4] In particular, the court examined # 148, Exhibit Q, pp. 314-315, 476, which the court believes should be the location any such grievances.  After searching those areas, it found no indication of any such grievance numbers.  *Id.*

6

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** the court construes defendants' motion for summary judgment (#148) as a motion to dismiss without prejudice. Therefore, the court recommends defendants' motion to dismiss (#148) be **GRANTED** and that plaintiff's claims be **DISMISSED without prejudice**. The court further recommends that plaintiff's motion for summary judgment (#159) and defendants' motion to strike plaintiff's motion for summary judgment (#171) be **DENIED** as moot.

**DATED:** November 5, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**